Argued and submitted July 8, affirmed July 31, 1991

## OREGONIANS IN ACTION,
*Petitioner,*

*v.*

## LAND CONSERVATION AND DEVELOPMENT COMMISSION,
(Fish and Wildlife)
*Respondent.*
(LCDC 90-CERT-659; CA A66688)

814 P2d 561

David B. Smith, Tigard, argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks review of LCDC's order certifying the State Agency Coordination Program of the Department of Fish and Wildlife (department). ORS 197.180; OAR 660, Divisions 30 and 31.[1] Petitioner's sole assignment is that LCDC erred by not requiring the department's Land Use Planning Guide (guide) to be included in the program and subject to certification. As the department argues — and as the guide's name suggests — it "serves as a reference manual to aid agency staff in any agency participation in land use matters before local governments and state agencies having authority to make land use decisions." It also argues that the guide has no direct effect on land use decisions or land uses.

Petitioner maintains that the department was required to include the guide, because it is a "rule" or "program" that is "[r]easonably expected to have significant effects on * * * [p]resent or future land uses identified in acknowledged comprehensive plans." OAR 660-30-005(2)(a)(B)(ii). As best we are able to discern from petitioner's diffuse argument, its principal point seems to be that, by advising department personnel of the department's viewpoints and about how to participate in local land use proceedings, the guide "substantially affects present and future land uses, because [it] substantially affects the legislative and quasi-judicial land use actions of local governments."

That argument presupposes that local decisions are actually made by the department personnel who appear before or otherwise assist the decisionmakers to explain or advocate the department's viewpoint. There is no basis for that presupposition. Petitioner urges us to honor substance over form. However, its argument consists of shadow rather than either form or substance.

Affirmed.

---

[1] ORS 197.180 requires state agencies to comply with land use requirements in carrying "out their planning duties, powers and responsibilities." ORS 197.180(2) through (9) create a procedure for LCDC's certification that state agency "rules and programs are sufficient to assure compliance with the goals and compatibility with acknowledged city and county plans and land use regulations * * *." The cited rules, adopted pursuant to ORS 197.180(9), implement the statutory requirements and procedures.