## 1000 FRIENDS OF OREGON,
*Petitioner,*

*v.*

## LAND CONSERVATION AND DEVELOPMENT COMMISSION
(Forestry/Transportation),
*Respondent.*

(91-CERT-714, 91-CERT-713;
CA A68782 (Control), A68783)
(Cases Consolidated)

826 P2d 1023

Keith A. Bartholomew, Portland, argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this consolidated review, petitioner seeks reversal of LCDC's certification under ORS 197.180[1] of the Department of Forestry's (DOF) and Department of Transportation's (DOT) state agency coordination programs.

■ Petitioner's first assignment is that LCDC erred in concluding that certain programs that DOF administers and that confer preferential *ad valorem* tax treatment[2] on forest lands are not programs affecting land use and, therefore, are not subject to ORS 197.180(1). For the reasons we stated in *Springer v. LCDC*, 111 Or App 262, 826 P2d 54 (1992), we agree with LCDC.

■ Petitioner also argues that LCDC erred by not requiring DOF's "Forest Resources Planning Program" to be identified and treated as a "program affecting land use." That program is embodied in a 40-page publication that states objectives and includes general or specific "action plans" for attaining them. LCDC analogizes the DOF publication to the planning guide that we held was not subject to the coordination requirements of ORS 197.180(1) in *Oregonians in Action v. LCDC (Fish and Wildlife)*, 108 Or App 307, 814 P2d 561

---

[1] ORS 197.180(1) provides:

"Except as provided in ORS 197.277 or subsection (2) of this section or unless expressly exempted by another statute from any of the requirements of this section, state agencies shall carry out their planning duties, powers and responsibilities and take actions that are authorized by law with respect to programs affecting land use:

"(a) In compliance with goals adopted or amended pursuant to ORS chapters 196 and 197; and

"(b) In a manner compatible with:

"(A) Comprehensive plans and land use regulations initially acknowledged under ORS 197.351;

"(B) Amendments to acknowledged comprehensive plans or land use regulations or new land use regulations acknowledged under ORS 197.625; and

"(C) Amendments to acknowledged comprehensive plans or land use regulations or new land use regulations acknowledged through periodic review."

[2] Petitioner's challenge relates to two programs. Under ORS 321.705 to ORS 321.765, certain forestry land is valued optionally on the basis of productivity value rather than market value. Under ORS 321.257 to ORS 321.381, timber on forest lands in western Oregon is subject to a severance tax rather than *ad valorem* taxation. The tax on the land, which is valued without any timber, is further reduced, *inter alia*, by an offset of the severance tax revenues from the taxing districts' property tax levies.

(1991). According to LCDC, the DOF document, like the publication in *Oregonians in Action*, "is not an 'order' or a 'rule,' and has no power to control anything" and is of "no legal effect."

We do not agree that the DOF document is as limited in its import as LCDC maintains. The detail of the programs that it defines, and its self-description as a statement of agency policy concerning matters subject to the agency's regulatory authority, differentiate it from the document in *Oregonians in Action*. That case does not imply that, to qualify as a program affecting land use, an agency action must have the force of a rule or an order. Rather, it states that some actions are either *de minimis* or too remote in their potential effects to be regarded as programs affecting land use. Whether the Forest Resources Planning Program *is* a program affecting land use is a question to be decided by LCDC on remand. We decide only that the basis on which it defends its negative decision is not correct.

In its remaining assignment, petitioner argues that LCDC applied an incorrect standard in testing the programs of DOF and DOT that are subject to ORS 197.180. Although the statute requires compatibility with the statewide planning goals *and* acknowledged local plans and regulations, these programs demonstrated compatibility only with the local provisions. Petitioner's view is that the statute means exactly what it says and that compliance with the goals *and* the local legislation must be demonstrated in every instance. LCDC argues that, generally, acknowledged plans and regulations comply with the goals and a separate showing of compatibility would be redundant. It points out that, under its rules, a separate showing *is* required under certain circumstances in which compliance with the local plan and regulations is insufficient to demonstrate goal compatibility. *See* OAR 660-30-065; OAR 660-30-070.[3]

---

[3] It is important to emphasize that the question here is not answered by the Supreme Court's and our decisions to the effect that, after acknowledgment, local land use decisions are generally tested for compliance with the acknowledged local provisions rather than the goals. *See, e.g., Foland v. Jackson County*, 311 Or 167, 807 P2d 801 (1991). Those cases are governed by statutes, *e.g.*, ORS 197.835, that make that general distinction. ORS 197.180 does not make the distinction, but expressly requires compliance with both the state and local provisions.

 We agree with petitioner's basic proposition that the statute requires compatibility with the state and the local provisions. We also agree with LCDC's basic proposition that compliance with the acknowledged provisions and compliance with the goals will generally coincide and that the exceptions necessary to assure compatibility with the goals can be defined by rule. Petitioner does not point to any *particular* in which either agency's programs do not comply with any goal. In the absence of that showing, petitioner's argument is abstract and gives us no basis for concluding either that LCDC's rules for and method of review or their application in this proceeding was error.

Reversed and remanded for reconsideration of whether Forest Resources Planning Program is subject to ORS 197.180(1); otherwise affirmed.